LUMBERMEN'S MUTUAL INSURANCE Co. *v.* MITCHELL.

4-5271                                          122 S. W. 2d 543

Opinion delivered December 12, 1938.

*O. A. Featherston,* for appellant.

*Boyd Tackett,* for appellee.

HOLT, J. Appellant brings this appeal from a decision of the Pike circuit court, sitting as a jury, awarding judgment in favor of appellee.

The only error pressed upon us here by appellant is that there was no substantial evidence upon which the lower court's judgment could be based.

We cannot agree with this contention. The facts, as disclosed by the record and which are practically undis-

puted, are substantially as follows: On May 6, 1937, the appellee, C. C. Mitchell, bought a 1933 model V-8 Ford sedan automobile from the Burch Motor Company at Hot Springs, Arkansas, and on the same day purchased from appellant, Lumbermen's Mutual Insurance Company, through its agent, H. W. Conde, a liability insurance contract covering the automobile. The policy contained the following provisions:

"The Lumbermen's Mutual Insurance Company, Mansfield, Ohio (a mutual company, hereinafter called the company). "Does hereby agree with the insured, named in the declaration made a part hereof, in consideration of the payment of the premium and of the statements contained in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

"Coverage E — Collision or upset — Actual Cash Value—Less $50 deductible—Premium—$7.

"To pay for loss consisting of damage to the automobile caused by accidental collision with another object or by accidental upset, but only for the amount of each separate loss, when determined, in excess of the deductible sum."

On August 29, 1937, Alton Mitchell in company with his brother, Jessie Mitchell, with the permission of appellee, their father, were driving the car in question and were involved in a collision near Okolona, Arkansas, which tore off the fan belt and the radiator, burst off the lines to the manifold heads which cover the valves and tore off two pieces of bolts from the manifold and otherwise seriously damaged the motor. Immediately after the collision appellee notified appellant and upon instructions from it, the car was towed to the Burch Motor Company's garage at Hot Springs, Arkansas, to be repaired. Two weeks later appellee was notified that the car was completely repaired, and after paying the Burch Motor Company $50, his part of the repair bill, he attempted to drive the car to his home in Glenwood, 32 miles away. When he had driven the car less than a mile, it began to "pop, jump and fail to function correctly." He finally managed to drive the car home, but the next morning,

after driving it three or four miles, the motor completely failed to function and appellee towed the car back to the Burch Motor Company. Mr. Burch, manager of the Burch Motor Company, and Mr. Conde, agent of appellant insurance company, promised appellee that they would see that the car was completely repaired and fixed. The car remained with the Burch Motor Company for several weeks, but appellant refused to authorize the Burch Motor Company to make further repairs on the car. On several occasions, Mr. Conde promised appellee and appellee's attorney that he would authorize the Burch Motor Company to fix the damaged car, but failed to keep his promise. After several weeks delay, appellant finally refused to make the additional repairs and appellee authorized the Burch Motor Company to make the repairs at an additional expense of $69.20. These repairs called for a new motor. It would cost considerably more money to repair the old engine than to put in a new motor. The motor was in good condition prior to the collision.

The judgment of the court below was as follows: "The only question for determination of the issues involved in this case is whether or not the defective condition of the motor of plaintiff's car, after the repair of the car by the Burch Motor Company, was caused by the collision which occurred August 29, 1937.

"Plaintiff testified that the motor was in excellent condition prior to this collision and that as the result of the collision the top of the manifold of the motor was bursted and that the motor completely failed to function after a drive of some thirty miles following the repairs. He notified defendant's agent and the motor company and demanded that the repairs of the motor be made, and defendant declined to make such further repairs, although there is some testimony that they promised to do so. The plaintiff is corroborated in his testimony as to the cause of the motor trouble by one of the parties who was in the car at the time of the collision, the mechanic who repaired the motor prior to the collision, and other testimony of expert character.

"The preponderance of the evidence justifies the conclusion that the defendant failed to fully repair plaintiff's car following the collision under their contract, and since plaintiff has been damaged in the sum of $69.20 for their failure to do so after due notice and demand." Then follows the judgment of the court in favor of appellee.

Since, in accordance with a long established rule of this court, we must give the judgment of the trial court, when sitting as a jury, the same weight and effect that we give to the verdict of a jury, it is our duty to affirm where there is substantial testimony to support his finding.

Giving to the facts, as we find them in this record, their strongest probative force in favor of appellee, it is our view that the evidence is of a substantial nature and the judgment will accordingly be affirmed.